UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 96-60371 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| WENDY B. ADELSON, | |
| Defendant. _____/ | |

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 57)

This matter is before the court on a motion to reconsider its order denying a motion to quash an abstract of judgment, filed by Defendant Wendy Adelson ("Adelson") (ECF No. 57). In this case, Plaintiff ("the Government") seeks to enforce a student loan debt which was reduced to a judgment in 1997, when this case was before Judge Barbara K. Hackett. Specifically, Judge Hackett granted Plaintiff's motion for summary judgment in an order dated July 30, 1997. ECF No. 24-7, PageID.74 (copy of order). In 2015, the Government applied for and obtained a writ of garnishment to enforce the judgment. *See* ECF No. 18, 21. Adelson moved to quash that writ, which Judge George Caram Steeh denied after a hearing. ECF No. 25. Adelson appealed the

court's order denying her motion to quash to the Sixth Circuit, who held that they lacked jurisdiction over the appeal because the court's order was not a final appealable order. ECF No. 30. This case was reassigned to the undersigned on November 22, 2023. On January 3, 2024, the Government filed an abstract of judgment with the court, creating a lien on all real property owned by Adelson pursuant to 28 U.S.C. § 3201 (ECF No. 52). Adelson moved to quash that abstract of judgment on January 11, 2024. The Government filed a Response (ECF No. 54), and Adelson filed a Reply (ECF No. 55). The court denied her motion (ECF No. 56) on September 27, 2024. Defendant then filed a "Motion to Alter or Amend" that order. For the reasons set out below, the court construes this as a motion for reconsideration of a nonfinal order and **DENIES** Defendant's Motion.

I.    PROCEDURAL HISTORY

Adelson moved to quash the abstract of judgment that was entered in January, 2024 on several theories: 1) that the abstract sought to place a lien on property which she does not own (ECF No. 51, ¶ 20), 2) that the judgment the Government sought to enforce is invalid (*id.* at ¶ 4), and 3) that its collection effort was time-barred because it was not brought within ten years of entry of judgment (*id.*

2

at ¶ 5-7). This court disagreed with all three arguments and therefore denied the motion because 1) the lien definitionally could not apply to property Adelson did not own, 2) Adelson's view that the Sixth Circuit had held that the judgment in this case was not a final order misunderstood the Sixth Circuit's order, and 3) the collections effort here was not time-barred because the Higher Education Technical Amendments of 1991 (HETA), codified at 20 U.S.C. § 1091a(a), abrogated all statutes of limitations on actions to collect defaulted student loans.

Adelson now abandons her first argument, but argues that the court erred in its order as to her second and third arguments because a) the 1997 order granting summary judgment was not reduced to a separate final judgment under Rule 58, and this court incorrectly interpreted the Sixth Circuit's order at ECF No. 30, and b) although she admits that HETA abrogated statutes of limitations on actions to collect defaulted student loans, she says those amendments were only retroactive to loans made on or after April 7, 1986, that the loan at issue here was made in 1984, and therefore the amendments do not apply in her case.

II. **STANDARD OF REVIEW**

Adelson argues that her motion is made under Federal Rule of Civil Procedure 59(e), which allows a litigant to file a motion to alter or amend a district court's judgment.  However, the order on the motion to quash the abstract of judgment was not, itself, a judgment. "Rule 59(e) only applies to final judgments[,]" so the rule does not apply here.  *Conner v. McLeod*, No. 4:22-cv-11965, 2025 U.S. Dist. LEXIS 36789, at *2 n.1 (E.D. Mich. Feb. 28, 2025).  However, the "motion would fail even if it had been brought under the correct rule: Local Rule 7.1(h)(2)(A)." *Land v. Ruloff*, 2025 U.S. Dist. LEXIS 3802, *6 (E.D. Mich. Jan. 8, 2025) (quoting *Mata v. Lynch*, 576 U.S. 143, 135 S. Ct. 2150, 2156, 192 L. Ed. 2d 225 ("If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change.")).

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an intervening change in controlling law warrants a different outcome, or (3) new facts warrant a different outcome and the new facts could not have

4

been discovered with reasonable diligence before the prior decision. E.D. Mich. L.R. 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored." *Id.* Further, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a [decision] was issued.'" *Plumbers Local 98 Defined Ben. Pension Fund v. Dan Allor Plumbing & Heating Co.*, No. 23-11021, 2025 U.S. Dist. LEXIS 64153, at *2-3 (E.D. Mich. Apr. 3, 2025) (quoting *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012), *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).

### III. ANALYSIS

The court first notes that the motion is untimely under the Local Rule. *See* E.D. Mich. L.R. 7.1(h)(2) (motions for reconsideration of nonfinal orders "must be filed within 14 days after entry of the order"). However, cognizant of Defendant's status as a *pro se* litigant and the understandable confusion over the proper rule to bring the motion under, the court addresses the merits of her motion.

### A. Whether The 1997 Judgment Is Invalid

Adelson claims that the underlying judgment, entered in 1997, is invalid for two reasons.

First, in her view, the Sixth Circuit has already declared that the judgment the government seeks to collect was invalid because it was not a "final order." *See* ECF No. 57, PageID.219; ECF No. 30 (order from the Sixth Circuit). Adelson once again misunderstands the Sixth Circuit's decision, and this court did not err in its reading of that order.

In 2015, the Government sought and obtained a writ of garnishment in an attempt to collect on the 1997 judgment. *See* ECF No. 21. Adelson moved to quash that writ (ECF No. 22); when the district court denied her motion, she appealed to the Sixth Circuit. *See* ECF No. 25, 27. That court concluded they lacked jurisdiction and dismissed her appeal because *the order denying the motion to quash* (*not* the 1997 judgment itself) was not a final appealable order under 28 U.S.C. § 3205, which sets out the procedures for a court to follow before issuing a final and appealable disposition order on a writ of garnishment. *See* ECF No. 30; 28 U.S.C. § 3205(c)(7).[1] In other words, the Sixth Circuit said nothing about the validity of the underlying judgment – only that "no final *garnishment* order ha[d] been entered"

---

[1] What would be a final and appealable order? "[A] final decision specifically giving the garnishee directions as to the disposition of Adelson's property" under 28 U.S.C. § 3205(c)(7). ECF No. 30, PageID.100.

6

in this post-judgment collections action. ECF No. 30, PageID.99 (emphasis added). That is not at all the same thing as indicating that the 1997 judgment was invalid, and the Sixth Circuit's discussion of the finality of the orders related to *garnishment* is unrelated to Adelson's argument about the finality of the 1997 *judgment*. The court did not misread the Sixth Circuit's order.

Second, Adelson argues that the 1997 judgment was never actually reduced to a final judgment and, therefore, it "does not exist."[2] ECF No. 57, PageID.217. Adelson never brought up this argument in her original motion to quash (ECF No. 51), and therefore cannot bring it now in a motion for reconsideration. Still, she proceeds *pro se* in this matter, and the court could construe this portion of her argument as a separate motion to attack the validity of the underlying judgment. To facilitate this matter and deal expeditiously with her claims, the court will consider her argument.

In arguing that the 1997 judgment was not a final order, she says that "[a]n order that grants a motion for summary judgment but

---

[2] This is not the first time Adelson has made some form of these arguments. *See* ECF No. 22, PageID.26, ECF No. 28 (transcript of motion hearing held in 2016). She is likely barred from re-making these arguments now, but for the sake of making a clear written record, the court addresses her arguments here.

7

does not use language entering final judgment in favor of the prevailing party is not a final order." ECF No. 57, PageID.218. That misstates the law; Adelson appears to be mixing up a few different rules and misconstrues the effect of her argument.

Under Rule 54, "judgment" is "any order from which an appeal lies" and includes "any order or other decision, however designated, that adjudicates . . . all the claims or the rights and liabilities of . . . all the parties." *See* Fed. R. Civ. P. 54(a)-(b). Federal Rule of Civil Procedure 58, on the other hand, states that "[e]very judgment and amended judgment must be set out in a separate document . . . ." While Rule 58 has exceptions, none are for orders on motions for summary judgment. *See Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009) (noting that Rule 58's separate-document requirement applies to summary-judgment rulings because they are not among the listed exceptions). Adelson is essentially arguing that, while summary judgment was granted in this case, it was not a final order, and there was no separate document entered under Rule 58. *See* ECF No. 24-7, PageID.74 (copy of order granting summary judgment). However, the absence of the phrase "final order" (*see* ECF No. 57, PageID.217) does not require the

8

conclusion that the court's order on summary judgment was not final. Generally, an order is "final" and appealable if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *In re Durability, Inc.,* 893 F.2d 264 (10th Cir. 1990); 10 Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 2651 (4th ed.) ("Definition of a "Judgment"). The court's order determined all of the rights and liabilities of the parties, and did more than just grant the motion – it clearly entered judgment. *See* ECF No. 24-7, PageID.74 (stating "Summary Judgment in the amount of $5,012.57 is entered against the Defendant."); *see also Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993) ("The judgment entry did not simply grant a motion, nor did it say 'the plaintiffs' complaint is dismissed.' It said judgment against plaintiffs."). The language of the order is clear, its effect easily understood. *See* 11 Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 2785 (3d ed.) (How and When Judgment Is Entered) ("No particular form of words is required in a judgment."). The order adjudicated all claims in the case; there was only ever one claim. *See* ECF No. 24-1, PageID.52 (Summons and Complaint); Fed. R. Civ. P. 54(b). The court's order granting summary judgment on the single claim in the case was, however titled and whatever language it used, a

9

final and appealable order under Rule 54 and Rule 56.

That leaves the second part of Adelson's argument: that there was no separate document under Rule 58. Fair enough, but Adelson goes too far – the lack of a separate document under Rule 58 does not invalidate the court's order entering judgment against Defendant. The entry of the judgment is simply "the ministerial notation of the judgment by the clerk of the court pursuant to Rule 58." 10 Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 2651 (4th ed.). The "separate-document requirement was . . . intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment . . . only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 (1978). Thus, the intent of the separate-document rule is merely to give notice of how long a litigant has to attack the validity of an order entering judgment, through appeal or by motion, and the effect of the lack of a separate judgment is limited to expanding the time to appeal or otherwise move to alter or amend the judgment. *See Howard v. Onion*, No. 24-3273, 2024 U.S. App. LEXIS 12372, at *2 (6th Cir. May 20, 2024) ("For an appeal from

10

an order granting summary judgment, [the] 30-day period [to appeal] begins to run from the date a separate judgment is entered on the docket . . . [b]ut if a separate judgment is not entered, the 30-day period begins to run 150 days after entry of the order.") (citing Fed. R. App. P. 4(a)(7)(A)(ii), Fed. R. Civ. P. 58(c)(2)); *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1244 (10th Cir. 2007) ("If, as here, the district court never enters a separate Rule 58 judgment, then judgment is deemed entered 150 days after entry of the court's final decision or order."); *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) ("A judgment not based on Federal Rules of Civil Procedure 50(b), 52(b), 54, 59, or 60 is not entered until either (1) the judgment 'is set out in a separate document' that is entered on the district court docket sheet; or (2) '150 days have run from the entry [of the judgment or order] in the civil docket.'") (brackets in original).

Thus, the act of adjudicating all claims in a case, and thereby granting judgment through an order, is unaffected by the lack of a separate document; the claim has still been adjudicated and a final appealable order has been entered – the only question is how long one has to challenge that order. (An order carefully adjudicating and dismissing a case in its entirety under Rule 12(b)(6), in other words,

11

does not become completely invalid just because the court forgets to enter a separate judgment under Rule 58.) Instead, absent a separate document, judgment is considered entered 150 days after the final order in the case. *Perry*, 564 F.3d at 427.

Thus, even accepting that Adelson is correct that there was not a separate document[3] and that one was required under Rule 58, judgment was effectively entered on or about December 27, 1997 – 150 days, by the court's count, from the date summary judgment was granted to Plaintiff in a final written order. The clock to challenge the validity of that judgment by appeal, or by motion under Rule 59 or certain motions under Rule 60, began to run at that time; Adelson did not appeal within 30 days of that nor file a motion under Rules 59 or 60. Neither the Federal nor Local Rules endorse Adelson's present attempt to attack the finality of the judgment that was entered in 1997, and the court did not err in finding that the judgment was valid.

### B. Whether The Collections Effort Is Time-Barred

---

[3] The docket shows that the clerk apparently entered some form of separate document at the time. However, no party (nor the court) appears to have a copy of that document, *see* ECF No. 28, PageID.88 (government attorney explaining that "[i]t appears on the register of actions that is a separate order entered, but I don't have a copy . . ."), so the court will explain why that entry is beside the point for purposes of the present motion.

Finally, Adelson claims that the court erred in finding that the Higher Education Technical Amendments of 1991 (HETA), codified at 20 U.S.C. § 1091a(a), abrogated the statute of limitations as to this action to collect a defaulted student loan, because that law only applied retroactively (in her view) to loans made after April 7, 1986, and therefore did not apply retroactively to her loan made in 1984. Therefore, again in her view, the government's collection action is time-barred. Adelson does not cite to any case law for the proposition that HETA is only retroactive to loans made after 1986, but the many cases addressing that argument take the opposite view. *See United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993) ("Courts faced with suits to recover unpaid student loans that were defaulted on prior to April 1985 have held that these expired actions revived under the 1991 amendment . . . .") (collecting cases); *see also, e.g.*, *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994) (in eliminating the statute of limitations, Congress "also revived all actions which would have otherwise been time-barred"); *United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (finding government collection action filed in 1999 timely even when debtor defaulted in 1976).

To explain this point more specifically: HETA, in part, replaced a

13

section of a 1985 law that had gone into effect on April 7, 1986. *United States v. Davis*, 142 B.R. 293, 296 (S.D. Ind. 1992). This is, presumably, how Adelson arrives at her version of HETA's retroactivity (HETA's 1991 amendments were to be applied "as if it were" passed in 1985 and had gone into effect as part of the law in 1986). However, Adelson's statutory analysis is incomplete. That 1985 law had in turn set a statute of limitations for defaulted student loan debt; HETA replaced and abrogated that statute of limitations. The original bill's statute of limitations applied to all student loans, regardless of when they were issued; therefore, HETA's abrogation of that statute of limitations also applied to all student loans, regardless of when they were issued. *See Davis*, 142 B.R. at 296; *United States v. Davis*, 801 F. Supp. 581, 584 (M.D. Ala. 1992) ("the provisions of the 1991 Amendments not only replaced but actually undid and supplanted the statute-of-limitations provisions of the 1985 Amendments"). The court did not err by finding that the government's action here was not time-barred.

Finally, Adelson appears to raise a laches argument as to the Government's attempts at collection on a 1997 judgment. ECF No. 57, PageID.221. As far as this argument might apply to the period

14

between her default on her loan and these collections actions, Adelson cannot raise a new argument in this posture – but to forestall further motions on this point, the court notes the many cases which reject that argument. *See, e.g., Hamilton v. United States*, No. 2:03-CV-669, 2005 U.S. Dist. LEXIS 24051, at *12 (S.D. Ohio Oct. 19, 2005) ("The vast majority of courts have rejected [the laches] defense" because it would undermine Congress' intent in eliminating the statute of limitations on student loan collections) (collecting cases). To the extent that Adelson is raising laches as an defense against the government's renewed action in 2015, 2023, or 2024 to collect on a debt that was reduced to judgment in 1997, the court has already explained in its original order why HETA's abrogation of all limitations periods preempts Michigan's normal ten-year statute of limitations for actions founded on a judgment, or otherwise does not bar this action on timeliness grounds. *See* ECF No. 56, PageID.212; Mich. Comp. Laws § 600.5809 ("the period of limitations is 10 years for an action founded upon a judgment . . ."); *but see* 20 U.S.C. § 1091a ("*no limitation* shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken . . .") (emphasis added). Adelson provides no reason to depart from that

15

ruling.

## IV. CONCLUSION

For these reasons, Defendant's Motion for Reconsideration is **DENIED**.

**SO ORDERED**.

Date: April 21, 2025                                s/F. Kay Behm
                                                    Hon. F. Kay Behm
                                                    United States District Judge