UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA             Case No. 96-60371

     Plaintiff,                     F. Kay Behm
v.                                   United States District Judge

WENDY B. ADELSON,

     Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS (ECF No. 70), DENYING DEFENDANT'S MOTIONS (ECF Nos. 72, 76) AND FOR DEFENDANT TO SHOW CAUSE**

In this case, Plaintiff ("the Government" or "the United States") seeks to enforce a student loan debt which was reduced to a judgment in 1997, when this case was before Judge Barbara K. Hackett. ECF No. 24-7, PageID.74 (copy of order). The Government recently applied for and obtained a writ of continuing garnishment against Chase Bank. ECF No. 67, 67-1. This matter is before the court on three related filings by Defendant Wendy Adelson that object to or seek to quash that writ of garnishment. In the first, she objects to the writ of garnishment. ECF No. 70. In the second, she filed a motion to quash that writ and made a demand for a hearing. ECF No. 72. In the third,

she moves for sanctions against Plaintiff's counsel and for dismissal of this action.  ECF No. 76.  All are meritless, and so for the reasons explained below, the court overrules her objections, denies the motion to quash, denies her motion for sanctions, and instead orders Defendant to show cause why she should not be sanctioned for her misrepresentations to the court.  Because her objections and motion to quash are plainly without merit, a hearing is not necessary.  "Although [§ 3202(d)] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where . . . the objection is plainly without merit[.]" *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases).

## I.    ANALYSIS

### A.    Objections (ECF No. 70)

Defendant filed three sets of objections; one at ECF No. 68, one "amended" objection at ECF No. 69, and a "second amended" objection at ECF No. 70.  The document at ECF No. 69 is labeled an "amended" objection and is the "second" amended set, so the court will strike ECF Nos. 68 and 69 and consider only the second amended objection at ECF No. 70.

Her objection makes the following arguments: (1) a prior

garnishment against Chase Bank was released in 2023, (2) she alleges that no demand for payment was made pursuant to 28 U.S.C. § 3205(b)(1)(B), (3) the 1997 judgment in this case is invalid or does not exist, (4) in the alternative, Adelson claims a consent judgment actually controls this matter, and (5) Adelson alleges she has no funds to collect.

Defendant did not request a hearing on objections pursuant to 28 U.S.C. 3205(c)(5). *See United States v. Miller*, 588 F. Supp. 2d 789, 798 (W.D. Mich. 2008) ("the defendant did not request a hearing in his objection to the garnishee's answer, so he is not entitled to a hearing under this section."). All of her arguments are repeated in her motion to quash, so the court addresses those points in the following section.

### B.    Motion to Quash (ECF No. 72)

When the Government seeks to enforce a judgment, including through garnishment, it is required to serve notice on the judgment debtor and on each person whom the Government has reasonable cause to believe has an interest in the property to which enforcement is directed. 28 U.S.C. § 3202(c). Within 20 days of receiving that notice, the judgment debtor may request a hearing and move to quash the Court's order granting the enforcement remedy. *Id.*(d). Arguments are expressly limited to the following topics:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.

*Id.*

Defendant's arguments on her motion to quash track her objections. ECF No. 72, PageID.336-37. Defendant also requested a hearing. *Id.* First, Defendant focuses on an allegedly improper garnishment filed in 2023, which was released that same year when Ms. Adelson filed for bankruptcy, triggering the automatic stay. *See* ECF Nos. 35, 36, 42, 43; *In re Adelson,* No. 23-49803 (Bankr. E.D. Mich. Nov. 8, 2023). But a previously released garnishment from 2023 has no effect on the validity of the current garnishment at issue; or at minimum, Adelson provides no reason to think that it does so here. That garnishment was released when she filed for bankruptcy and triggered the bankruptcy case's automatic stay; her bankruptcy case was terminated in November 2023 and the stay no longer applies. ECF

4

No. 74, PageID.358.  Second, she argues once more that the 1997 judgment in this action is invalid.  But the court has rejected that point several times already, as has the Sixth Circuit.  ECF Nos. 56 (rejecting the argument), 61 (denying reconsideration); ECF Nos. 30, 66 (Sixth Circuit).  Even while a matter is pending in the Sixth Circuit, in this court Adelson cannot use this motion to quash as a motion to reconsider an order denying reconsideration.  E.D. Mich. Local Rule 7.1(h)(4).  Third, Adelson appears to argue that the garnishment cannot issue while she has a pending appeal in the Sixth Circuit in which she challenges the validity of the judgment in this matter.  ECF No. 72, PageID.337.  But her pending appeal has no effect on the validity of the underlying judgment in this case, which indisputably exists.  ECF No. 66.  Fourth, and finally, Adelson argues that the United States failed to demand payment from her more than 30 days from the date the application was filed, as is required by 28 U.S.C. § 3205(b)(1).  But the only evidence available cuts the other direction; in addition to the collection efforts evident in this case such as applications for writs of garnishment and abstract of judgment, Plaintiff's counsel has provided an affidavit that he made explicit demands of Defendant, such as a demand letter sent on June 13, 2019 and July 11, 2023.  ECF No. 77,

PageID.402.  Prior counsel for Plaintiff also sent demand letters on July 22, 1998; October 31, 2012; November 30, 2012; and July 31, 2015.  *Id.*

Two additional points raised by Defendant were not addressed in the United States' briefings.  The first is the alleged consent judgment Adelson attaches at ECF No. 70, PageID.327.  That alleged consent judgment, however, is signed only by Adelson and not by the opposing party, though she seeks to enforce it against them.  It is also dated May 1997, which predates the entry of judgment in July 1997 in this case.  This incomplete consent judgment, unsigned by the party she seeks to enforce it against, is not sufficient to show that it is operative in this case, that it controls the terms of her student-loan debt, or that it somehow overrides the entry of judgment in this matter by the court.

The second point is Adelson's alleged inability to pay due to economic hardship.  But this argument goes to the Government's ultimate ability to collect, not the validity of the writ of garnishment.  The "argument that [the defendant] is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)."  *United States v. Bateman*, No. 2:14-mc-51477, 2025 LX 394640, at *7 (E.D. Mich. Sep. 10, 2025) (collecting cases).  Her motion to quash is therefore denied.

### C.    Motion for Sanctions (ECF No. 76)

In the final currently pending matter, Adelson moves for sanctions against Plaintiff's counsel.  But her arguments are meritless, and the repeated nature of these arguments and the posture in which she brings those arguments are themselves sanctionable.  So the court instead orders Defendant Adelson to show cause why she should not be sanctioned pursuant to Fed. R. Civ. P. 11(b) and the court's inherent authority.

Rule 11 authorizes a court to impose sanctions against a pro se litigant who files a pleading or motion that is frivolous or presented for an improper purpose.  Fed. R. Civ. P. 11(b), (c).  If a litigant violates Rule 11, the district court "may impose an appropriate sanction," including "nonmonetary directives."  Fed. R. Civ. P. 11(c)(1), (c)(4).  In addition to its discretion to impose sanctions under Rule 11, a district court has the "inherent authority" to impose sanctions based on a litigant's bad faith and conduct that "abuses the judicial process." *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 516 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).  "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

7

achieve the orderly and expeditious disposition of cases.'" *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). In addition to dismissing a lawsuit as a sanction, *see id.* at 45, a court can also enjoin litigants from filing harassing and vexatious pleadings. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). And in certain circumstances, a court can issue "an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Feathers*, 141 F.3d at 269.

In particular, Adelson continues to press the baseless assertion that the judgment in this matter is "non-existent," and that attempts to collect on that judgment are unlawful. ECF No. 76 ("Plaintiff is attempting to enforce a 1997 order that is not, and has never been, a final, collectible judgment."). She claims that the Sixth Circuit has said just that, but that is a serious and an active misstatement of both the record in the district court and regarding the Sixth Circuit's statements on the issue. Even ignoring this court's orders on the issue (which have twice rejected that argument), the Sixth Circuit has twice stated in

plain, unambiguous terms that the 1997 judgment in this case was a final, appealable judgment.  ECF No. 66, PageID.1297 (from the Sixth Circuit's order: "because the order granting summary judgment [in 1997 in this case] adjudicated all of the parties' claims, it became a final, appealable judgment 150 days after it was entered."); *see also id.* ("the [Sixth Circuit's] 2016 order acknowledged that the 'student loan debt . . . was reduced to a judgment in 1997.'") (quoting ECF No. 30, PageID.99).  While the Sixth Circuit has not issued a formal judgment or mandate in her pending appeal, it has heavily hinted at that appeal's outcome.  *See* ECF No. 66 (addressing and rejecting each of Adelson's arguments, albeit in the context of seeking to proceed on appeal without prepaying fees and costs).  To argue differently is not supported by any fact or law, and to seek sanctions against Plaintiff's counsel for stating the fact of the judgment in this case appears to be an argument brought in bad faith.[1]

In her latest reply, she further argues that Plaintiff's counsel engaged in additional sanctionable conduct by supplying an affidavit in response to the court's order.  ECF No. 78, PageID.408.  The court,

---

[1] Additionally, the court cannot "dismiss" this case as Defendant asks, because what she in fact seeks is relief from the judgment under Rule 60(b), but she has provided no reason to grant that relief.

however, ordered Plaintiff to file "proof of demand for payment (such as written correspondence or telephone calls, or an affidavit or declaration evidencing such) made more than 30 days prior to the 2/19/26 application for writ of garnishment."  Text Only Order entered May 1, 2026.  Plaintiff accordingly filed an affidavit on May 15, 2026.  ECF No. 77.  Plaintiff followed the court's directive in letter and spirit; it is Defendant who is misreading or purposefully misrepresenting the content and purpose of that order.

Defendant's arguments that the affidavit is a "hollow vessel devoid of any evidentiary support" and that Plaintiff's "failure to attach copies of any of the alleged demand letters" is problematic are without merit.  An affidavit is itself evidence that the court may properly consider; no additional exhibits are strictly necessary.  *See, e.g.*, Fed. R. Civ. P. 56(c)(4) (affidavits admissible at summary judgment).  Defendant tries to rebut the affidavit by stating that "Defendant unequivocally states **no demand for payment was made more than 30 days prior to February 19, 2026**."  ECF No. 78, PageID.409 (emphasis in original).  She states "Defendant further avers no demand letters were sent or received on the specific dates enumerated by Mr. Sooy in his sworn statement."  *Id.*  She seeks an evidentiary hearing for

sanctions against Plaintiff's counsel, including serious sanctions such as referral to the Attorney Grievance Commission and "severe" monetary sanctions.  But Defendant has cited no controverting evidence for this argument – such as her own declaration or affidavit.  Her conclusory and unsworn statements are not evidence,[2] and so are not sufficient to invoke the need for an evidentiary hearing.  Defendant's statements on this matter seem to cross the line from zealous advocacy for her position to baseless threats against Plaintiff's counsel based on no evidence at all.

Ms. Adelson has proven she is willing to litigate this judgment for over a decade.  In addressing the issue of sanctions, the court seeks to ensure that Defendant, proceeding *pro se*, does not needlessly impose demands on opposing counsel or the court or vexatiously multiply these proceedings.  The court is conscious that Ms. Adelson claims serious present financial difficulty, and that monetary sanctions against her are unlikely to be effective given that fact.  ECF No. 69, PageID.314.  The

---

[2] Simply stating "Defendant avers" is not sufficient to make the statement a sworn statement.  She did not swear these statements before a notary.  *See Smart v. Pro. Grp.*, No. 4:25-cv-11833, 2026 LX 82453, at *9 n.5 (E.D. Mich. Jan. 30, 2026).  And an unsworn declaration under 28 U.S.C. § 1746 must include specific language indicating the declarant intends the writing to be made under penalty of perjury to qualify as such.

court is also conscious that this case arises in the posture of Adelson's refusal to pay any portion of her student-loan debt over a period of decades, suggesting that monetary sanctions may be ineffective in any case. *See Simmons v. Gilmore*, No. 2:17-cv-00996, 2020 U.S. Dist. LEXIS 124886, 2020 WL 4016331, at *4 (W.D. Pa. July 16, 2020) ("Imposing a monetary sanction on Simmons would be ineffective as he appears to be impecunious."). However, the court can address abuse of the judicial process (in this case: Defendant's vexatious arguments regarding the validity of the judgment in this case). *See Petlechkov v. Fed. Express Corp.*, No. 25-5322, 2026 U.S. App. LEXIS 4313, *7, at *7 (6th Cir. Feb. 11, 2026) ("a court can also enjoin prolific litigants from filing harassing and vexatious pleadings.").

Given Defendant's history in this case of using objections to garnishment actions or motions to quash to make this argument and abuse the judicial process, Defendant shall show cause, in writing and within 14 days, why she should not be sanctioned monetarily for these serious misrepresentations of the record, and why the court should not enjoin her from generally filing objections in response to writs of garnishment or other collections actions taken in this matter. If in any future briefing Defendant continues to press the argument that the

12

judgment in this matter is not final or collectable, the court may deny, strike, or ignore the filing in its entirety on that basis, and will not consider other arguments brought in that same filing.  The court may, in addition to taking the above action, impose a $500 sanction per offending briefing, payable to the court.  The court may, in addition to taking both of the above actions, declare Ms. Adelson to be a vexatious filer and impose further filing restrictions on her.

## II.    CONCLUSION

Defendant's objections at ECF No. 68 and 69 are **STRICKEN**; they were superseded by the filing of amended objections at ECF No. 70.  Defendant's objections at ECF No. 70 are **OVERRULED**, her motion to quash (ECF No. 72) is **DENIED**, and her motion for sanctions (ECF No. 76) is also **DENIED**.  Defendant is **ORDERED** to show cause, in writing and within 14 days, why she should not be sanctioned for her misrepresentations in her briefings.

Plaintiff is directed to submit a proposed order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest (pursuant to 28 U.S.C. § 3205(c)(7)) within four (4) days, for the court's review.

**SO ORDERED**.

Date: June 3, 2026                           s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge