UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.

WENDY B. ADELSON,

Defendant.
_____________________________/

Case No. 96-60371

F. Kay Behm
United States District Judge

**ORDER RESOLVING ORDER TO SHOW CAUSE AND IMPOSING NONMONETARY DIRECTIVE UNDER RULE 11**

In this case, Plaintiff ("the Government" or "the United States") seeks to enforce a student loan debt against Defendant Adelson. The debt was reduced to a judgment in 1997, when this case was before Judge Barbara K. Hackett. ECF No. 24-7, PageID.74 (copy of order). Because Adelson has never paid the debt, the Government has since applied for and obtained writs of garnishment or related collections efforts. Defendant Wendy Adelson has objected at nearly each stage of these collection efforts, including multiple appeals to the Sixth Circuit (most recently, in the pending case 26-1548).

Most relevantly to this order, however, Adelson continues to press the baseless assertion that there is no collectible, final judgment

in this matter. Given the repeated and frivolous nature of this argument, the court ordered Adelson to show cause why she should not be sanctioned pursuant to Fed. R. Civ. P. 11(b) and the court's inherent authority. ECF No. 79, PageID.420. Having considered her response to that order, the court enters nonmonetary Rule 11 sanctions to ensure that this case can proceed without repetitious re-argument of a matter established to be frivolous.

## I. Standard

Rule 11 authorizes a court to impose sanctions against a pro se litigant who files a pleading or motion that is frivolous or presented for an improper purpose. Fed. R. Civ. P. 11(b), (c). If a litigant violates Rule 11, the district court "may impose an appropriate sanction," including "nonmonetary directives." Fed. R. Civ. P. 11(c)(1), (c)(4). In addition to its discretion to impose sanctions under Rule 11, a district court has the "inherent authority" to impose sanctions based on a litigant's bad faith and conduct that "abuses the judicial process." *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 516 (6th Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to

achieve the orderly and expeditious disposition of cases.'" *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). In addition to dismissing a lawsuit as a sanction, *see id.* at 45, a court can also enjoin litigants from filing harassing and vexatious pleadings. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). And in certain circumstances, a court can issue "an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Feathers*, 141 F.3d at 269.

## II. Defendant's Conduct

The court's concern stems primarily from Adelson's repeated assertion of the argument that the judgment in this matter is "non-existent," and that attempts to collect on that judgment are unlawful. *E.g.* ECF No. 76 ("Plaintiff is attempting to enforce a 1997 order that is not, and has never been, a final, collectible judgment."). She claims that the Sixth Circuit has said just that, but as the court has previously pointed out, that is a serious and an active misstatement of both the record in the district court and regarding the Sixth Circuit's statements

on the issue. Even setting aside this court's orders on the issue (which have twice rejected that argument), the Sixth Circuit has twice stated in plain, unambiguous terms that the 1997 judgment in this case was a final, appealable judgment. ECF No. 66, PageID.1297 (from the Sixth Circuit's order: "because the order granting summary judgment [in 1997 in this case] adjudicated all of the parties' claims, it became a final, appealable judgment 150 days after it was entered."); *see also id.* ("the [Sixth Circuit's] 2016 order acknowledged that the 'student loan debt . . . was reduced to a judgment in 1997.'") (quoting ECF No. 30, PageID.99). To argue differently is not supported by any fact or law, yet Adelson filed a motion for sanctions against *Plaintiff's* counsel for stating the fact of the judgment in this case, which appeared to be an argument brought in bad faith. ECF No. 76, PageID.379.

Adelson also misrepresented other parts of the record. Adelson argued that Plaintiff's counsel engaged in sanctionable conduct by supplying an affidavit in response to the court's order. ECF No. 78, PageID.408-09. The court, however, ordered Plaintiff to file "proof of demand for payment (such as written correspondence or telephone calls, *or an affidavit or declaration evidencing such*) made more than 30 days prior to the 2/19/26 application for writ of garnishment." Text Only

Order entered May 1, 2026 (emphasis added). Plaintiff's counsel accordingly filed an affidavit on May 15, 2026. ECF No. 77. Plaintiff followed the court's directive in letter and spirit; Defendant either misread or purposefully misrepresented the content of that order in requesting sanctions against Plaintiff's counsel for the act of filing that affidavit.[1] In response to these representations, the court entered its show cause order. ECF No. 79.

## III. Defendant's Response to Show Cause Order

Defendant responded as required to the order to show cause (ECF No. 81). Adelson says that her filings were not made in bad faith: "They reflect a good-faith effort by a seriously ill and indigent litigant to respond to renewed collection efforts and to preserve objections she reasonably understood to be supported by the procedural record, including the Sixth Circuit Court of Appeals' 2016 order addressing finality." ECF No. 81, PageID.432. She disagrees with the court's characterization that to argue there is no final judgment is a serious misstatement of the record: "Her position was based on her understanding of the record, including the Sixth Circuit's June 23,

[1] Plaintiff also, consistent with this court's order, submitted a proposed order via the Utilities function following the court's order at ECF No. 79. The court reviewed and adopted that proposed language.

2016, Order, which arose from this case and addressed finality in the garnishment context." She says her reliance on that order is "inconsistent with bad faith." *Id.* at PageID.435. She further argues that her poor "medical condition and financial circumstances" weigh against a finding of improper purpose. And she states that she "understands the Court's concern about repetitive filings and does not seek permission to relitigate matters the Court has decided." *Id.* at PageID.438.

As to her motion for sanctions regarding Plaintiff's counsel's affidavit, Ms. Adelson merely says that she had "concerns" about the affidavit she wished to express. ECF No. 81, PageID.438. In her view, "the fact Adelson advanced them while attempting to respond to renewed garnishment proceedings does not, without more, show she acted for an improper purpose or in bad faith." *Id.*

**IV. Analysis**

The court does not agree with Ms. Adelson's characterization of her arguments. Start with her contention that her position that the judgment in this action is not final is reasonable and "was based on her understanding of the record, including the Sixth Circuit's June 23, 2016, Order, which arose from this case and addressed finality in the

garnishment context." ECF No. 81, PageID.434. Adelson's most recent argument on that point was in ECF No. 76, PageID.379, where she stated: the "1997 order that is not, and has never been, a final, collectible judgment. This is not a matter of legitimate dispute; it is a matter of settled law, both generally and specifically as it applies to this very case." *Id.* That submission was dated April 30, 2026. She bases almost all of this argument on a phrase from the Sixth Circuit's order in 2016: "The district court has not entered a final decision specifically giving the garnishee directions as to the disposition of Adelson's property as provided by § 3205(c)(7)." ECF No. 30, PageID.100. That phrase, however, refers to a "disposition order on an application for a writ of garnishment," not a final judgment. As to the actual judgment in the case, here again is the Sixth Circuit in 2016: the debt "was reduced to a judgment in 1997." ECF No. 30, PageID.99.

So when Defendant first tried her argument that the judgment is not final per the 2016 order, this court found in September 2024: "the Sixth Circuit said nothing about the validity of the underlying judgment," and "her motion and reply mischaracterize the order she refers to." ECF No. 56, PageID.210-11. The court therefore found the 1997 judgment valid. *Id.* Defendant did not accept that answer, so she

tried again, now arguing that there was no separate document reducing the summary judgment order to a judgment. ECF No. 57, PageID.217 ("THERE IS NO FINAL JUDGMENT"). That too, was rejected by this court, on the basis that even if there was no separate document, judgment nonetheless issued 150 days after the order granting summary judgment was entered. ECF No. 61, PageID.253-59. Adelson did not accept that answer, either. So she appealed to the Sixth Circuit Court of Appeals *in forma pauperis*. ECF No. 62. The Court of Appeals, in ruling on her application to proceed without prepaying fees and costs, held that her arguments lacked "arguable merit." ECF No. 66, p. 2.[2] The court held that a judgment was indeed entered in 1997, and it became final 150 days after it was entered. *Id.* Because Adelson did not appeal the judgment within that time, the judgment is valid. Adelson's 2025 appeal (No. 25-1498), meanwhile, was dismissed for want of prosecution, so those findings made in December 2025 are binding. ECF No. 84.

Yet in April 2026 Adelson again argued: "the "1997 order that is not, and has never been, a final, collectible judgment. This is not a

[2] The PageID is not readily visible on the document as it appears on this court's docket.

matter of legitimate dispute; it is a matter of settled law, both generally and specifically as it applies to this very case." ECF No. 76, PageID.379. Her statement is completely inconsistent with every finding this court and the Sixth Circuit has made on the subject. This argument is, as the court has said before, a serious and active misstatement of the record. To argue otherwise is itself frivolous; the failure to admit the argument is frivolous lacks any basis in fact or law. There is no reasonable reading of this court's orders or the Sixth Circuit's orders that admits Adelson's interpretation.

Adelson also states that she "understands the Court's concern about repetitive filings and does not seek permission to relitigate matters the Court has decided." ECF No. 81, PageID.438. But saying so does not make it so, because by continuing to argue that the judgment was not final, she did in fact attempt to relitigate decided issues. This statement is again, itself, a mischaracterization of her own prior arguments, apparently in an effort to avoid sanctions.

As for her arguments seeking sanctions against Plaintiff's counsel for filing an affidavit (again, filed after the court ordered Plaintiff's counsel to file a supplemental exhibit such as an affidavit), Adelson understates her prior argument. She now says she had "concerns about

Plaintiff's counsel's conduct," and so merely wished to argue that point. ECF No. 81, PageID.438. That is a far cry from what her actual arguments were. She argued that, "Instead of producing proof, Mr. Sooy has chosen to double down on his deceit. He has submitted a self-serving, uncorroborated, and demonstrably false affidavit (ECF 77) that stands as a direct affront to the dignity and integrity of this Court." ECF No. 78, PageID.406. She said, "it is a notarized fraud, and it must be treated as such." *Id.* She said Plaintiff's counsel violated this court's order because, "the Court's Order was not an invitation for counsel to invent a factual predicate that never existed. It was a directive to produce actual evidence." *Id.* at PageID.407. And because she viewed counsel's affidavit as uncorroborated and not proper evidence, she argued that the "Affidavit of Thomas Sooy is a Willful and Contemptuous Violation of this Court's May 1, 2026, Text Only Order." *Id.* at PageID.408. To support her arguments that the affidavit was false, however, Adelson presented no evidence of her own – just her unsworn statements denying the facts he swore to. ECF No. 79, PageID.424. And as explained, the court explicitly invited Plaintiff's counsel to submit an affidavit and did not require any additional corroboration in its order, so to argue that Plaintiff's counsel violated

the order simply by submitting an affidavit mischaracterized the court's order. Admittedly, the court views this argument as less serious a Rule 11 violation than her frivolous argument regarding the judgment in this matter, but her arguments on this point seem to cross the line from zealously presenting her position to accusing Plaintiff's counsel of fraud based on no evidence at all, which appeared to veer into argument intended to "harass" Plaintiff's counsel without evidentiary support. *See* Fed. R. Civ. P. 11(b)(1).

Adelson argues that her poor "medical condition and financial circumstances" weigh against a finding of improper purpose. But these concerns do not excuse Rule 11 violations or bear on the purpose she brought her arguments in service of. In any case, Rule 11 sanctions may be imposed regardless of whether an error was made in good or bad faith. *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, 2025 LX 205874, at *5 (E.D. Mich. July 28, 2025) (collecting cases). So to the extent Adelson rests on the ground that she acted for proper purpose or in "good faith," she provides no explanation whatsoever that satisfies the court that she complied with Rule 11's other requirement that her arguments not be frivolous, such as that she "certif[y] that to the best of [her] knowledge,

information, and belief," her "factual contentions have evidentiary support" and her claims "are warranted by existing law." Fed. R. Civ. P. 11(b). The law of the case instead requires her to accept that the judgment is valid and enforceable.

Ms. Adelson has proven she is willing to litigate this judgment for well over a decade. In addressing the issue of sanctions, the court seeks to ensure that Defendant, proceeding *pro se*, does not needlessly impose demands on opposing counsel or the court and vexatiously multiply these proceedings. The court is conscious that Ms. Adelson claims serious financial difficulty. ECF No. 69, PageID.314. The court is also conscious that this case arises in the posture of Adelson's refusal to pay any portion of her student-loan debt over a period of decades, suggesting that monetary sanctions may be ineffective. *See Simmons v. Gilmore*, No. 2:17-cv-00996, 2020 U.S. Dist. LEXIS 124886, 2020 WL 4016331, at *4 (W.D. Pa. July 16, 2020) ("Imposing a monetary sanction on Simmons would be ineffective as he appears to be impecunious."). However, the court can and must address abuse of the judicial process (in this case: Defendant's vexatious arguments regarding the validity of the judgment in this case). *See Petlechkov v. Fed. Express Corp.*, No. 25-5322, 2026 U.S. App. LEXIS 4313, *7, at *7 (6th Cir. Feb. 11, 2026) ("a

court can also enjoin prolific litigants from filing harassing and vexatious pleadings.”).

Given Defendant’s history in this case of using objections to garnishment actions or motions to quash to make this argument and abuse the judicial process, the court will enjoin her from filing objections in response to writs of garnishment or other collections actions taken in this matter that continue to press the argument that the judgment in this matter is not final or collectable. To continue to make such an argument in light of the court’s repeated rulings and warnings on the subject, and in light of the Sixth Circuit’s binding rulings, is not warranted by existing law, supported by the facts of the case, nor justified by any nonfrivolous argument for reconsidering an existing finding in this case. To review that argument again would require both Plaintiff’s counsel and this court to expend needless time, energy, and expense responding to or resolving her frivolous arguments, constituting unnecessary delay and needless increase in the cost of this litigation. An injunction is warranted. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (“[T]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims.”

(quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)). If Adelson nonetheless makes such an argument, the court may deny, strike, or ignore the filing in its entirety for failure to comply with this order, and will not consider other arguments brought in that same filing. The court may, in addition to taking the above action, impose a $500 sanction per offending briefing, payable to the court. In the event she violates this order, the court may, in addition to taking both of the above actions, declare Ms. Adelson to be a vexatious filer and impose further filing restrictions on her.

As for Ms. Adelson's factual misrepresentation of this court's order regarding submission of an affidavit, in this specific instance, the court will leave it at a warning: if Defendant again misrepresents this court's orders, she may face financial sanctions under Rule 11 or other filing restrictions.

## V. Conclusion

Consistent with its authority under Federal Rule of Civil Procedure 11(c)(4), the court **ENJOINS** Defendant Adelson from arguing that the 1997 judgment is "non-existent," not "final," or not "collectible," or materially similar arguments, in any objection or other brief in response to a collection action in this matter. Failure to comply

with this order may result in additional sanctions, including, but not limited to: denying or striking the offending filing in its entirety, imposing a $500 sanction per offending briefing, and imposing further filing restrictions.

**SO ORDERED**.

Date: August 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge